**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7653**

LARRY BRANDON MOORE,

Plaintiff - Appellant,

v.

GEORGE T. SOLOMON, Director of N.C.D.P.S., D.A.C., individually and in their official capacity; PECK TAYLOR, Assistant Superintendent of Custody and Operations and Acting Superintendent at A.M.C.I., individually and in their official capacity; MONICA BOND, Chief Disciplinary Hearing Officer (D.H.O.) of N.C.D.P.S., individually and in their official capacity; RANDY S. MULL, D.H.O., individually and in their official capacity; WOODRING, Inmate Work Supervisor at A.M.C.I., individually and in their official capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Frank D. Whitney, Chief District Judge. (1:16-cv-00238-FDW)

Submitted: April 25, 2017                    Decided: May 3, 2017

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry Brandon Moore, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Brandon Moore appeals the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint under 28 U.S.C. § 1915A(b) (2012). We have reviewed the record and find no reversible error. Accordingly, we deny Moore's motion for appointment of counsel and affirm substantially for the reasons stated by the district court.[*] *Moore v. Solomon*, No. 1:16-cv-00238-FDW (W.D.N.C. Oct. 25, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Contrary to the district court's finding, Moore did allege that he was placed in segregation prior to the prison disciplinary hearing and was punished after the hearing. However, Moore received all the process he was due at that hearing, and his Thirteenth Amendment claim is meritless. *See Newell v. Davis*, 563 F.2d 123, 124 (4th Cir. 1977).